**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIE L. SANDERS, | )   CASE NO.   20-CR-40009-JPG |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Reconsideration of Bond (Doc. 21) filed by Defendant Willie L. Sanders.  Defendant is charged with three counts of distribution of cocaine, two counts of distribution of fentanyl, and one could of being a felon in possession of a firearm.  On February 13, 2020, this Court held a detention hearing in this matter and, after considering the factors set forth in 18 U.S.C. § 3142(g), concluded that Defendant Sanders must be detained pending trial because the Government proved by clear and convincing evidence that no condition or combination of conditions or release would reasonably assure the safety of any other person and the community and the Government proved by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required (Doc. 14).  In addition to the findings made on the record at the hearing, the reasons for detention included the following:   weight of evidence against the defendant was strong; subject to lengthy period of incarceration if convicted; prior criminal history, participation in criminal activity while on probation, parole, or supervision; and prior attempts to evade law enforcement (*Id.* at 2-3).

Defendant asks the Court to reconsider bond and requests a temporary release to home

detention with electronic monitoring due to the COVID-19 pandemic (Doc. 21).   The Government has filed a response in opposition (Doc. 22).   For the reasons discussed below, Defendant's motion for reconsideration is **DENIED**.

### Background

Defendant's motion argues the circumstances that existed when he was ordered detained have now changed and he asks for temporary release pursuant to 18 U.S.C. § 3142(i).   More specifically, Defendant contends that amidst the current COVID-19 pandemic his continued detention in the Franklin County Jail will likely cause him to fall victim to the COVID-19 virus and, as an African American who suffers from asthma, Defendant asserts the situation for him may be dire.   Defendant acknowledges there are no confirmed cases at the Franklin County Jail, but asserts conditions in the Jail and his inability to practice social distancing are ripe for an outbreak of the coronavirus.   Defendant seeks release to home confinement with electronic monitoring.

The Government argues the Defendant's motion relies on the speculative prospect of an outbreak at the Franklin County Jail, the facility where Defendant is currently housed, to justify an indefinite, temporary release.   The Government also asserts the Franklin County Jail and the United States Marshals Service have implemented procedures to prevent or minimize the infiltration of COVID-19 in the facility.

The Government also contends Defendant remains a danger to the community and that he should not be released.   The Government remarks that Defendant's criminal conduct is chronic, and he has never had an extended period in his adult life where he has voluntarily obeyed the law.

### Discussion

Pursuant to 18 U.S.C. § 3142(i), the court may permit the temporary release of a person in pretrial custody to the extent the "judicial officer determines such release to be necessary for

preparation of the person's defense or for another compelling reason." The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus is now identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of Illinois. With no known effective treatment, public health officials are left to urge, in the strongest possible terms, that the public should practice "social distancing," frequent and thorough hand washing, and avoidance of close contact with others—all of which the Court acknowledges can be difficult to implement in a detention facility.

Nevertheless, Defendant's concern is simply too generalized and speculative in nature to make his temporary release "necessary." Although Defendant indicates he suffers from asthma, which is recognized by the Centers for Disease Control and Prevention ("CDC") as a condition that places individuals at a higher risk for severe disease, the Government proffers that the Franklin County Jail has implemented precautionary procedures to prevent or minimize the infiltration of COVID-19 into their facility. Moreover, according to the Benton Supervisory Deputy Marshal Tana Curtright, there is no evidence of the presence of COVID-19 in the Franklin County Jail, and Defendant has not made any indication to the contrary. Further, there appears to be only nineteen confirmed cases of COVID-19 in Franklin County generally, twelve of which are noted as "recovered" cases[1]. Defendant has the burden of showing the temporary release is necessary under the circumstances and he has failed to meet that burden.

For these reasons, the Motion for Reconsideration of Bond (Doc. 21) is **DENIED** without prejudice to a renewed motion should the circumstances in the jail materially change.

---

[1] *See* https://thesouthern.com/news/local/covid-19-in-southern-illinois-here-are-todays-case-numbers-in-illinois-17-southernmost-counties/article_f6eb5c2f-0db3-5d23-bd88-7bb4d8c73b56.html#tracking-source=home-top-story-1 (last visited July 1, 2020).

**IT IS SO ORDERED.**

**DATED:   July 1, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**